IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COREY V. ARMSTRONG #265924
14100 McMullen Hwy (N.B.C.1)
Cumberland Maryland 21502
                    PLAINTIFF
        vs.
WARDEN KATHLEEN GREEN (E.C.1)
LT. HAYWARD ———→ (E.C.1)
CASE MANAGER WISENOFF (E.C.1)
30420 Revells Neck Road (E.C.1)
WESTOVER, MARYLAND 21890
SECRETARY OF D.P.S.C.S.
GARY D. MAYNARD 300 E. Joppa Road
TOWSON MARYLAND
COMMISSIONER OF CORRECTIONS
J. MICHAEL STOUFFER 6776
REISTERSTOWN ROAD BALTIMORE
MARYLAND 21215
WARDEN JOHN ROWLEY (N.B.C.1)
Ph.D JAMES K. HOLWAGER (N.B.C.1)
ASST. WARDEN RICHARD GRAHAM (N.B.C.1)
CASE MANAGER SUPERVISOR LILLER (N.B.C.1)
14100 McMullen Hwy (N.B.C.1)
Cumberland Maryland 21502
                    DEFENDANTS

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
FEB 07 2008
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

Civil Action No. _____
WDQ 08-342

## PLAINTIFF'S COMPLAINT

COMES NOW PLAINTIFF, COREY V. ARMSTRONG, ON THIS 4th DAY OF FEB, 2008. PROCEEDING PRO-SE AND IN FORMA PAUPERIS, AND STATES AS FOLLOWS:

A.) This is the FIRST lawsuit PLAINTIFF have filed in this matter.

B.) PLAINTIFF WAS PROHIBIT FROM FILING THE INSTITUTIONAL ADMINISTRATIVE PROCEEDINGS IN THIS MATTER BECAUSE THE ISSUE AT HAND CONCERNS CLASSIFICATION AND THE CASE MANAGER DEPT. AND UNDER DCD 185-001, INMATES ARE PROHIBIT FROM FILING INSTITUTIONAL REMEDY.

C.) PLAINTIFF HAVE WRITTEN SEVERAL COMPLAINTS TO THE COMMISSIONER IN REFERENCE TO THIS MATTER AT HAND BUT RECIEVED NO RESPONSE.

D.) PLAINTIFF FILED COMPLAINTS TO THE SECRETARY OF D.P.S.C.S., BUT RECEIVED NO RESPONSE.

E.) Plaintiff Filed an Grievance on 8-29-07 to the Inmate Grievance Office and in summary, Received no Response.

## Parties, Jurisdiction, and Venue

1.) Plaintiff seeks punitive damages for (Count 1,2,3,4,5,6,7,9,8,11,12,13 and declaratory and injunctive relief (Count 1 thru 13, all Courts) for deprivation under color of state law of the Rights Privileges and Immunites secured to him by the Constitution of the United States and in particular the 1st, 5th, 8th and 14th Amendments thereof; and concurrent right secured by Articles 16, 24 and 25 of the Maryland Declaration of Rights.

2.) This Action is filed pursuant to 42 U.S.C.A. §1983 seeking redress for the above stated constitutional deprivations. Accordingly, Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §1331 and 1343(a)(3).

3.) Pendant Jurisdiction is alleged with respect to Count 1,2,4,5,6,7,9,11, and 12, which concern the Defendants' violation of state law and D.O.C. Regulations.

4.) Venue is proper in this Court pursuant to 28 U.S.C.A §1391. Plaintiff and all Defendants reside in and or do business in the District of Maryland and each of the asserted claims arose there.

5.) Defendant #1 Kathleen Green is the Warden of Eastern Correctional-Institution. She approved Plaintiff transfer to (NBCI).

6.) Defendant #2 Lt. Hayward is a "LT" at Eastern Correctional Institution. He was the LT. that placed Plaintiff on Admin. Seg without serving him an Notice.

7.) Defendant #3 Wisenoff is a Case Manager Specialist at Eastern Correctional-Institution. He requested Plaintiff transfer to (N.B.C.I).

8.) Defendant #4 Gary D. Maynard is the Secretary of D.P.S.C.S. He is ultimately responsible for the adoption and approval of all Regulations implemented by the D.O.C.

9.) Defendant #5 J. Michael Stouffer is the Commissioner of Corrections. Along with defendant #4, Stouffer is responsible for the adoption and enforcement of all D.O.C. Regulations.

10.) Defendant #6 John Rowley is the Warden of North Branch Correctional-Institution's Special Management Unit (SMU).

11.) Defendant #7 James K. Holwage, Ph.D is the Chairman of the Quality of Life Program (Q.L.P) at the (SMU).

12.) Defendant #8 Richard Graham is the Assistant Warden of the (SMU).

13.) Defendant #9 Liller is a Case Management Supervisor at the (SMU).

14.) Defendant #10 Durst is a Case Management Specialist assigned to Plaintiff at the (SMU).

15.) Defendant #1,2,3,5,6,7,8,9, and,10 took and active role in depriving Plaintiff of his Constitutional Rights.

16.) Plaintiff is an inmate confined at the (SMU).

ACTUAL ALLEGATION:

## COUNT #1
(DUE PROCESS)

On 7-31-07, Plaintiff was removed from General Population and placed on Admin. Seg., per order of Lt. Hayward. Thus, at no time was Plaintiff served with an notice and or given an opportunity to be heard.

## COUNT #2
(DUE PROCESS)

On 8-23-07, after filing countless complaints to Lt. Hayward, Case Manager Wisenoff and Warden K. Green in attempt to find out why Plaintiff was placed on Admin. Seg. Plaintiff was informed by Lt. Hayward that per the request of Case Manager Wisenoff and by the approval of Warden Kathleen Green and Commissioner Stouffer, Plaintiff was being sent to (N.B.C.I.).

## COUNT #3
(DUE PROCESS)

On 8-24-07, Plaintiff was transferred into the atypical conditions of the S.M.U., a Supermax Prison at (N.B.C.I.). The purpose of the transfer was disciplinary. Plaintiff was not given prior written notice or a chance to be heard. As of 2-4-08 Plaintiff still has not been given a written factual basis for his placement in the Supermax nor an opportunity to contest the allegations that were used to place him here at the (S.M.U). Plaintiff has ony been given vague explanations, ie., "Security Threat Activity", "behavior" and information is "Security Confidential".

## COUNT #4
(DUE PROCESS)

Upon Plaintiff's arrival at the S.M.U. he was placed in the a typical conditions of confinement of Disciplinary Segregation with all available Disc. Seg. conditions imposed. He was not given prior written notice a hearing by an impartial hearing officer, a right to call witness nor found guilty with written findings of facts. Moreover because Disc. Seg. sanctions and conditions are imposed while Plaintiff is technically still classified as Administrative Segregation (Admin. Seg) - which is non-disciplinary). The atypical conditions are a result of D.O.C.' violation of its own regulations.

## COUNT #5
(DUE PROCESS)

Plaintiff's stay in solitary confinement is for an indefinite duration limited only by the defendant's discretion and Plaintiff's completion of a Behavior Management Program. Administrative Segregation is a form of solitary confinement used as temporary housing pending an investigation into an inmate's status. Once the reasons for the segregation cease to exist Plaintiff is supposed to be released from such confinement.

## Count #6
(Due Process)

A.) Although classified as (Admin. Seg.), Plaintiff arrived at the S.M.U. on 8-24-07 and was placed on a disciplinary segregation status in a Disc. Seg. Program. Plaintiff was told that he was a threat to security and this is why the action was taken. Plaintiff was placed in solitary confinement, all property confiscated and all privileges revoked. No regulations authorized this conduct. It was strictly arbitrary action.

B.) Under the Q.L.P. Plaintiff is subject to the whim and mercy of the S.M.U. Officer(s) and levels committee. The only privileges left to Plaintiff is one hour per week of fresh air (while in full restraints) and two (2) showers per week, which can be revoked by staff for minor things such as talking to another inmate through the bottom of the cell door (which is a little difficult) and or for covering the cell door window to shield the bright light while sleeping. Based on these minor acts or any others, the levels committee (defendants) can reduce an inmate's level or continue him on a given level without written notice or a hearing. The Program consist of 6 levels, the first being intake level then level 1-6. Intake thru level 3 are the most harsh. Each level or level reduction is the equivalent of 60-90 days of more disciplinary seg. Plaintiff has been on the intake since his arrival at the supermax, though no infractions have been served upon Plaintiff. This is arbitrary state action is clearly in violation of state regulations.

## Count #7
(Due Process)

D.O.C's new regulation DCIB #13-07 and DCD 100-165 permits Plaintiff's placement in current atypical conditions, for being "directly involved or associated with violent behavior". The regulations has no criterion, process, or description of who will fall into this category. In a prison setting every inmate will be associated at some time or another with someone who commits a violent act. Plaintiff was last in a fight appox 8 years ago, yet he's in the S.M.U., while inmates who have frought the (S.M.U.) extraction team officer's, inmates who have been found guilty of stabbing other inmates in the previous 6 months are not. In addition, inmates who have murdered other inmates and or correctional officers in the previous 10 years are not in the (S.M.U.) which is supposed to be Maryland's most restrictive form of confinement. The regulation does not give Plaintiff the information needed or a process to defend against such a contemplated deprivation. It is overbroad and permits arbitrary and erroneous placement.

## Count #8
(Due Process)

Plaintiff's atypical condition are, in part, a consequence of regulations DCIB #13-07 (7-20-07) and DCD 100-165 (9-20-07) adopted in violation of the Maryland Administrative Procedure Act (APA). Maryland law requires that regulations involving inmate conduct, classification or discipline may not be amended, abrogated or suspended without compliance with the APA's requirement of notice and public comment.

Regulations in effect prior to the new one (DCD 105-2 and DCD 110-6) provided that disciplinary segregation, sanctions, and conditions could only be imposed by an impartial hearing officer subsequent to an adjudication of misconduct; which can only be found subsequent to written notice of enumerated rules of misconduct. (DCD 105-3 thru 5). For minor misconduct these sanctions can be imposed informally without procedural requirements, for brief periods only if the Plaintiff (inmate) agrees (DCD 105-6). He always has a right to a formal resolution. The new regulations adopted in violation of Maryland law effectively suspend and abrogate the old regulations with regard only to plaintiff or other inmates defendants so choose. This action is clearly not an oversight but deliberate defiance of a recent Court of Appeals (Maryland) decision and Maryland General Assembly bill (HB 782) in which D.O.C. sought to be exempt from the (A.P.A.).

Had D.O.C. followed its own regulations and state law plaintiff would not have been placed in atypical conditions without due process.

## Count #9
### (Equal Protection)

Plaintiff is classified as Administrative Segregation. The reason being is that he is deemed a threat to security. This is the same classification as hundreds of other inmates throughout Maryland's prisons. D.O.C. Regulation DCD 100-134 requires that all Admin. Seg. inmates be treated the same, non-disciplinary and, with the exception of restricted movement, maintain the same rights and privileges to the law library, visits, phone calls, commissary, property, recreation etc. Numerous other Admin. Seg. inmates in the S.M.U. (and Maryland) enjoy these rights and privileges while plaintiff is being treated as disciplinary segregation and they are not. Plaintiff contends that all Admin. Seg. inmates in Maryland, and in particular at (N.B.C.I.), identically classified and similarly situated should receive equal treatment.

## Count #10
### (Cruel and Unusual Punishment)

Plaintiff has been confined to his cell since 8-24-07 with no opportunity for out of cell exercise. Plaintiff is only allowed one hour per week into a cage for fresh air at which time he must remain in leg-irons, handcuffs, security box, and waist-chain, preventing plaintiff from moving more than a few inches (thus no exercise). At times the handcuffs and leg-irons cut into wrist and ankles. Since plaintiff arrival here at the (N.B.C.I.) plaintiff have only went outside appox 2-3 times for fresh air.

The Defendant's are aware that the denial out of the cell exercise puts Plaintiff at risk of physical and psychological deterioration but have remained deliberately indifferent. Moreover the denial of Recreation is a violation of Regulation DCD 100-134 which mandates Plaintiff be given one hour per day exercise (out of cell).

## Count #11
### (Cruel and Unusual Punishment)

Plaintiff has been confined to his cell since 8-24-07, with no opportunity for out of cell exercise. Plaintiff is only allowed one hour (per week) into a cage for fresh air, at which time he must remain in leg irons, handcuffs, security box, and waist-chain preventing Plaintiff from moving more than a few inches (thus no exercise). At times the handcuffs and leg irons cut into wrist and ankles. Since Plaintiff arrival here at the (NBCI) Plaintiff have only went on appox 2-3 times for fresh air. The Defendant's are aware that the denial of out of the cell exercise puts Plaintiff at risk of physical and psychological deterioration, but have remained deliberately indifferent. Moreover, the denial of Recreation is a violation of Regulation DCD 100-134 which mandates Plaintiff be given one hour per day exercise (out of cell).

## Count #12
### (Cruel and Unusual Punishment)

Plaintiff has only been allowed out of his cell to shower approximately 20 times since his arrival here at (NBCI). Plaintiff showers are continuously revoked for not participating in the QLP, for talking out the cell door to other inmates and or for being caught passing ("called Fishing") legal work which most officers refuse to deliver.

Because Plaintiff is not a physically violent individual defendant's continued practice of permitting the revocation of shower is cruel and unusual, and they are deliberately indifferent for not ending this practice.

## Count #13
### (1st Amendment)

Defendants are requiring Plaintiff to participate in the disciplinary program, QLP, in order for Plaintiff to advance through the levels and eventually be released from the atypical conditions of confinement at the S.M.U.

Plaintiff has made all defendants aware that he does not wish to be in the program [redacted] D.O.C.'s policies state that the QLP is a behavior modification program but Plaintiff record show he have not been in any type of physical altercation in nearly 8 years. The program seeks to change the way Plaintiff thinks believes through psychological approaches and solitary conditions. Plaintiff refuse to participate and, therefore, have not advance in levels. Plaintiff has written defendants and informed them that he does not wish to speak. Per the program's policy if Plaintiff does not talk (participate) he will remain in solitary confinement indefinitely without regard to how long he remain in fraction free.

Plaintiff has made defendant's aware that D.O.C. regulations and standards grant him the right to refuse this program. Although Plaintiff is not being physically forced to participate the consequence for not speaking and/or refusing to think and believe in a manner the program seeks, is indefinite atypical conditions. Plaintiff's limited rights are not being honored if an adverse consequence is due to an exercise thereof.

7-8

## RELIEF

1.) That this Honorable Court issue a judgement declaring that defendants' policies, practices, acts, and omissions as described herein violate Plaintiff's rights as guaranteed by the 1st, 5th, 8th, and 14th Amendments to the Constitution of the United States and Articles 16, 24, and 25 of the Maryland Declaration of Rights.

2.) That this Honorable Court permanently enjoin defendants, their officers, agents, employees, and successors in office, along with those acting in concert with them from engaging in the unlawful practices described herein.

3.) That appropriate punitive damages be awarded per defendant due to defendants' deliberate and malicious acts and to deter defendants' from continuously ignoring the law and Court rulings.

4.) That this Honorable Court award Plaintiff the costs and fees (reimbursement) for litigating his claim.

5.) That this Honorable Court set this matter for a jury trial.

6.) That this Honorable Court retain jurisdiction over this cause until the Court's order is carried.

7.) That this Honorable Court grant/award compensatory damages for loss of custody status, and ability to earn diminution of confinement credits, and loss of visits.

Respectfully Submitted,
Corey V. Armstrong
*Corey V. Armstrong*

Corey Aamstrong #265924
14100 McMullen Hwy (NBCI)
Cumberland Maryland 21502

Feb 4th 2008

Dear Court Clerk

Please find enclosed (1) A Motion for Appointed Counsel, (1) Motion and Affidavit to Proceed Informa Pauperis, And (4) Copies of 1983 Civil Complaint.

*Corey Armstrong*
#265924

P.S. 3 Exhibits are attached to Motion for Appointed Counsel.